UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE-WESTLAND COMMUNITY
SCHOOLS,

        Plaintiff,

                              Case Number 14-13904
v.                                  Honorable David M. Lawson

V.S., a minor, and Y.S., his mother,

        Defendants.
_____ /

## TEMPORARY RESTRAINING ORDER AND
## ORDER SCHEDULING HEARING ON MOTION FOR A
## PRELIMINARY INJUNCTION

Plaintiff Wayne-Westland Community Schools has submitted a complaint and a motion for temporary restraining order and preliminary injunction. The Court has reviewed the pleadings and finds good cause for entry of this order.

Charles D. Hallman, Director of High School Special Education for Wayne-Westland Community Schools, attested to the following facts stated in the plaintiff's verified complaint. Defendant V.S. is a student in the Tinkham Senior High School Alternative Program, which is operated by the plaintiff school district. He is six feet tall and weighs 250 pounds. V.S. enrolled as a student at the plaintiff's school in March 2014. Between March 14, 2014 and April 16, 2014, V.S. (1) physically attacked a fellow student and several staff members, including spitting at and kicking staff members who tried to restrain him to protect the student whom he attacked; (2) menaced two staff members with a pen, by holding it in a stabbing position and refusing to put it down when told; (3) punched a student while in a classroom, and then punched the principal of the school while leaving the room; and (4) threatened to rape a female staff member and punched

another staff member in the face. As a result of these violent incidents, V.S.'s Individualized Education Plan (IEP) team held a meeting and decided to change his educational placement to reduce his hours of attendance to 1 hour per day. After the change in his attendance schedule, V.S. returned to school on May 15, 2014, and that same day he attacked a security liason at the school. When he was told to leave the school building and not return, V.S. instead tried to force his way back into the building, and four staff members were required to hold the school doors shut to keep V.S. out. As a result of the attack and V.S.'s refusal to leave school grounds, the entire school building was placed on lockdown. Recently, since the current school year has resumed, V.S. has (1) threatened to bring guns to school to kill staff members whom he has had incidents with in the past year; (2) made racist comments toward African-American staff members; and (3) punched Director Hallman in the face. The plaintiff asserts that it does not have the resources or facilities properly and safely to address V.S.'s educational needs in his present educational placement.

The plaintiff asserts that its attorney contacted defendant Y.S. by telephone or in person four times between October 2, 2014 and October 7, 2014, and informed her of the plaintiff's intent to file its complaint for injunctive relief and motion for temporary restraining order and preliminary injunction with this Court on October 9, 2014 at 10:00 a.m. The Court has received no response to the plaintiff's complaint or motion and no other submissions from the defendants opposing the relief requested by the plaintiff. The Court finds that the plaintiff has made a sufficient showing to justify issuance of this temporary restraining order without written notice to the defendant under Federal Rule of Civil Procedure 65(b)(1); oral notice has been furnished. The Court therefore will enter this temporary restraining order and schedule promptly a hearing on the plaintiff's motion for preliminary injunction.

"[W]here a student poses an immediate threat to the safety of others," the Court may "in appropriate cases, temporarily enjoin a dangerous disabled child from attending school." *Honig v. Doe*, 484 U.S. 305, 325-28 (1988); *see also* 20 U.S.C. § 1415(i)(2)(C)(iii) ("basing its decision on the preponderance of the evidence, [the court] shall grant such relief as [it] determines is appropriate."). Based on the plaintiff's submissions, the Court finds that: (a) the behavior by V.S. attested to in the complaint establishes that he is a dangerous disabled child and that his continued attendance in his current educational placement poses an immediate threat to the safety of school staff and other students; (b) the plaintiff's staff and other students face an extreme risk of suffering imminent and irreparable harm if the Court does not restrain V.S. from entering any premises owned or used by the plaintiff, or attending school district related events; (c) V.S. will suffer no harm as a result of temporarily continuing his education through the online facilities of the Michigan Virtual Academy program, with the assistance, as needed, of a staff member assigned by the plaintiff to help him and answer any questions he may have by telephone or email; (d) the plaintiff is likely to succeed on the merits of its claim for injunctive relief to enjoin V.S. from attending school at its facilities pending the outcome of further IEP team meetings to determine if his educational placement should be changed; and (e) the public interest favors entry of an order temporarily restraining V.S. from attending school at the plaintiff's facilities, in order to assure the physical safety of school staff and students, and to prevent V.S.'s threatening and disruptive behavior from interfering with the school's ongoing education of all of its students.

Accordingly, it is **ORDERED** that defendants V.S. and Y.S. must appear before the Honorable David M. Lawson, United States District Court Judge, in Courtroom 860 of the United States District Court for the Eastern District of Michigan, located at 231 Lafayette Street, Detroit,

Michigan **at 3:00 p.m. on October 15, 2014**, and state why pursuant to Fed. R. Civ. P. 65, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, and E.D. Mich. LR 65.1, an order should not be entered granting to the plaintiff, Wayne-Westland Community Schools, a preliminary injunction to enjoin V.S. from entering any premises owned or used by the plaintiff, or attending any school district related event, pending further order of this Court.

It is further **ORDERED** that pending the hearing and determination of the plaintiff's motion for preliminary injunction, defendant V.S. hereby is temporarily **RESTRAINED** from entering any premises owned or used by plaintiff Wayne-Westland Community Schools, or attending any school district related event.

It is further **ORDERED** that plaintiff Wayne-Westland Community Schools must continue the education of defendant V.S. by providing him access to the school district's curriculum through the Michigan Virtual Academy (MVA) online program. The plaintiff shall provide a designated staff member who will be available to assist V.S. and answer any questions he may have about the curriculum or the MVA program by telephone or email.

It is further **ORDERED** that the plaintiff forthwith shall serve upon the defendants a copy of this order to show cause together with the verified complaint, the motion for preliminary injunction, the plaintiff's brief in support of its motion, and all exhibits attached to the complaint and motion. The plaintiff shall file a certificate of service.

It is further **ORDERED** that the defendants' responsive papers, if any, shall be filed **on or before October 14, 2014**. No reply will be permitted.

It is further **ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure.

This temporary restraining order was issued **on October 9, 2014 at 5:21 p.m.**, and will expire by its own terms **on October 23, 2014**, or upon further order of the Court.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated:   October 9, 2014 at 5:21 p.m.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 9, 2014.

                            s/Marilyn Orem
                            MARILYN OREM