UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE-WESTLAND COMMUNITY
SCHOOLS,

        Plaintiff,

                                Case Number 14-13904
v.                              Honorable David M. Lawson

V.S., a minor, and Y.S., his mother,

        Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENJOINING DEFENDANT V.S. FROM ENTERING ANY PREMISES OWNED OR USED BY THE PLAINTIFF OR ATTENDING ANY SCHOOL EVENT**

        This matter is before the Court on the plaintiff's second motion for default judgment. The Court has reviewed the plaintiff's submissions and heard oral argument on January 27, 2015. At the end of the hearing, the Court announced from the bench its decision to grant the plaintiff's motion and enter a judgment imposing the injunctive relief sought in the complaint.

I.

        On October 9, 2014, plaintiff Wayne-Westland Community Schools filed its verified complaint and a motion for temporary restraining order and preliminary injunction. On that same date, the Court found that the plaintiff had shown good cause for entry of a temporary restraining order, and it entered an order restraining defendant V.S. from entering any premises owned or used by the plaintiff school district or attending any school district related event. The Court ordered the plaintiff to serve on the defendants copies of the temporary restraining order along with copies of the complaint and the plaintiff's motion, and the plaintiff filed certificates of service showing that service was completed on October 13, 2014. The Court heard oral argument on the plaintiff's

motion for preliminary injunction on October 15, 2014. The defendants did not file any papers in opposition to the complaint or the motion, and neither defendant appeared at the hearing. Counsel for the plaintiff represented that he had not had contact with either defendant since he spoke to defendant Y.S. before filing the complaint, and that she indicated to him then that she did not intend to appear in court or oppose the relief sought in the complaint and motion. The Court found that the plaintiff had shown good cause for entry of an order continuing the temporary restraining order as a preliminary injunction and therefore granted the plaintiff's motion. On December 22, 2014, the Court granted the plaintiff's unopposed motion to appoint defendant Y.S. as *guardian ad litem* for her minor son, defendant V.S.

To date, the defendants have filed no answer to the complaint or any other papers in this matter, and upon request by the plaintiff, their defaults duly were entered by the Clerk of Court. On January 27, 2015, the plaintiff filed certificates of service indicating that on January 21, 2015 it personally served both defendants with copies of the notices of entry of default and its motion for entry of default judgment. That same day, the Court held a hearing on the plaintiff's motion for default judgment. Counsel for the plaintiff appeared at the hearing, but the defendants did not appear. The plaintiff represented at the hearing that it received a request from defendant Y.S. to transmit defendant V.S.'s school records to another educational institution, and that it has had no further contact with either of the defendants since then.

Because the defendants have failed to answer or otherwise respond to the complaint and the Clerk has entered their defaults, the Court must accept all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). Charles D. Hallman, Director of High School Special Education for Wayne-Westland Community Schools, attested to

the following facts stated in the plaintiff's verified complaint. Defendant V.S. was a student in the Tinkham Senior High School Alternative Program, which is operated by the plaintiff school district. He is six feet tall and weighs 250 pounds. V.S. enrolled as a student at the plaintiff's school in March 2014. Between March 14, 2014 and April 16, 2014, V.S. (1) physically attacked a fellow student and several staff members, including spitting at and kicking staff members who tried to restrain him to protect the student whom he attacked; (2) menaced two staff members with a pen, by holding it in a stabbing position and refusing to put it down when told; (3) punched a student while in a classroom, and then punched the principal of the school while leaving the room; and (4) threatened to rape a female staff member and punched another staff member in the face. As a result of these violent incidents, V.S.'s Individualized Education Plan (IEP) team held a meeting and decided to change his educational placement to reduce his hours of attendance to one hour per day. After the change in his attendance schedule, V.S. returned to school on May 15, 2014, and that same day he attacked a security liason at the school. When he was told to leave the school building and not return, V.S. instead tried to force his way back into the building, and four staff members were required to hold the school doors shut to keep V.S. out. As a result of the attack and V.S.'s refusal to leave school grounds, the entire school building was placed on lockdown. Recently, since the current school year has resumed, V.S. has (1) threatened to bring guns to school to kill staff members whom he has had incidents with in the past year; (2) made racist comments toward African-American staff members; and (3) punched Director Hallman in the face. The plaintiff asserted that it does not have the resources or facilities properly and safely to address V.S.'s educational needs in his present educational placement.

II.

The Court has received no response to the plaintiff's complaint or motion and no other submissions from the defendants opposing the relief requested by the plaintiff. Based on the facts attested to in the verified complaint, which the defendants have not contested, the Court finds that the plaintiff has made a sufficient showing to justify the issuance of an injunction barring defendant V.S. from entering any premises owned by the plaintiff or attending any school events.

"The Supreme Court has held that a plaintiff seeking a permanent injunction must 'satisfy a four-factor test.'" *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, 750 F.3d 546, 559 (6th Cir. 2006) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). "Specifically, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Ibid.* (quoting *eBay*, 547 U.S. at 391) (quotation marks and alterations omitted).

Based on the facts attested to in the verified complaint, the Court finds the following. *First*, the plaintiff and its staff face an extreme risk of suffering imminent and irreparable harm if the Court does not restrain V.S. from entering any premises owned or used by the plaintiff, or attending school district related event, because the behavior by V.S. attested to in the complaint establishes that he is a dangerous disabled child and that his continued attendance in his current educational placement poses an immediate threat to the safety of school staff and other students. *Second*, there is no adequate remedy at law for the imminent harms that the plaintiff and its staff likely would suffer,

and monetary damages would be inadequate to compensate the plaintiff and its staff for those likely injuries. *Third*, the balance of harms in this case favors granting an injunction. As noted, on the one hand, the plaintiff and its staff face an imminent prospect of suffering serious physical harm. On the other hand, V.S. will suffer no harm as a result of continuing his education through the online facilities of the Michigan Virtual Academy program while the plaintiff concludes its proceedings to determine an alternative educational placement for him. Finally, the public interest favors entry of an order restraining V.S. from attending school at the plaintiff's facilities, in order to assure the physical safety of school staff and students, and to prevent V.S.'s threatening and disruptive behavior from interfering with the school's ongoing education of all of its students.

III.

The defendants have failed to answer or otherwise respond to the complaint, and the Court finds that the plaintiff has established that it is entitled to a judgment imposing the injunctive relief that it seeks.

Accordingly, for the reasons stated on the record and those set forth above, it is **ORDERED** that the plaintiff's second motion for default judgment [dkt. #29] is **GRANTED**.

It is further **ORDERED** that defendant V.S. hereby is **PERMANENTLY RESTRAINED AND ENJOINED** from entering any premises owned or used by plaintiff Wayne-Westland Community Schools, or attending any school district related event.

It is further **ORDERED** that, if requested by defendant V.S. or his mother Y.S., plaintiff Wayne-Westland Community Schools must continue the education of defendant V.S. by providing him access to the school district's curriculum through the Michigan Virtual Academy (MVA) online program and must provide him access to designated District staff by telephone to answer any

questions that he may have, while the District conducts the evaluations and IEP Team Meetings necessary to transition defendant V.S. to a more suitable educational placement.

It is further **ORDERED** that the plaintiff forthwith shall serve upon the defendants a copy of this order and the accompanying judgment and file a certificate of service.

It is further **ORDERED** that the plaintiff's first motion for default judgment [dkt. #20] is **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 4, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI